Michele Floyd (SBN 163031)
MFloyd@Mintz.com
Robert Sturtevant Eaton (SBN 240761)
REaton@Mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
5 Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 251-7700
Facsimile: (650) 251-7739

Attorneys for Defendant,
YAHOO! Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. BUZA,<br><br>                Plaintiff,<br><br>   vs.<br><br>YAHOO!, Inc,<br><br>                Defendant. | Case No.: Cv-11-4422<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**DATE: October 27, 2011**<br>**TIME: 11:00 a.m.**<br>**COURTROOM: Courtroom 4** |

PLEASE TAKE NOTICE that on October 27, 2011, or as soon thereafter as this matter may be heard at 11:00 a.m. in Courtroom 4, Third Floor of the above-referenced court, located at 1301 Clay Street, Oakland, CA 94612, defendant Yahoo!, Inc. ("Yahoo!"), will move this Court for an order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Yahoo! seeks dismissal of Plaintiff's Complaint on the ground that Plaintiff has failed to allege facts sufficient to state a cause of action as follows:

1.      The express terms of Yahoo!'s Terms of Service bars each and every claim asserted such that the Complaint in its entirety should be dismissed with prejudice. Alternatively:

2.      The First Cause of Action for Violation of California Constitution Article 1, section 2 fails as a matter of law because Plaintiff alleges no facts establishing that Yahoo! is a state actor.

3.      The Second Cause of Action for Violation of the First Amendment of the United States Constitution fails as a matter of law because Plaintiff alleges no facts establishing that Yahoo! is a state actor.

4.      The Third Cause of Action For Trespass to Chattels fails as a matter of law because California state law does not recognize a cognizable claim for trespass to chattels based on the facts alleged by Plaintiff.

5.      The Fourth Cause of Action entitled "Intellectual Property" fails to identify the nature of the claim asserted and fails to allege facts sufficient to state a claim for any cognizable claim based on the infringement of intellectual property rights.

6.      The Fifth Cause of Action entitled "Unlawful Access to Stored Communications" state no legally cognizable claim and thus fails as a matter of law.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiff's Complaint appears to be one alleging a combination of censorship and deprivation of free speech rights.  Plaintiff alleges that he created a website for the National Psychoanalytic Socialist Movement, first on Yahoo! Groups and then on Yahoo! Geocities.[1]  All of the causes of action asserted by Plaintiff arise out of the single allegation that Yahoo! removed his website content from Yahoo! Groups and GeoCities in October 2008.

The relationship between Yahoo! and its users, including Plaintiff, is governed by Yahoo!'s Terms of Service ("TOS").  *See* Exhibit A, Yahoo! TOS.  As Plaintiff alludes to in his Complaint, the TOS prohibits users from uploading material that is, among other things, offensive or objectionable.  The TOS further states clearly that Yahoo! may remove any content from its service with or without notice to the user, and that Yahoo! is not liable for the deletion or other removal of

[1]  Yahoo! Groups is an on-line discussion board that allows users to create and manage on-line communities. Contrary to Plaintiff's allegations, he could not create a "website" on Yahoo! Groups, but this fact is largely irrelevant to this motion.  GeoCities was a website hosting product, but Yahoo! notified its users and shut down the service in 2009. Plaintiff now appears to have a new website for the National Psychoanalytic Socialist Movement hosted by Google at http://sites.google.com/site/natpsychoanalyticsocmovement/home.

1   any content from its service.  Thus, Plaintiff's allegations that Yahoo!'s access to his website

2   content was "unauthorized" and that Yahoo! deleted that content "without authorization" are

3   directly contrary to the TOS.  Thus, they fail.

4        Plaintiff also alleges that by deleting his website content, Yahoo! deprived him of rights

5   protected by the United States and California Constitutions.  These claims fail simply because

6   Plaintiff has not, and cannot, allege that that Yahoo!, a private corporation, is a state actor.

7        Plaintiff's remaining claims fare no better. His claim for trespass to chattels fails to allege

8   intentional interference with a tangible property right.  The "intellectual property" claim is

9   impermissibly vague, but setting that aside appears to be based solely on the deletion of Plaintiff's

10  content which states no claim cognizable under any of the intellectual property laws.  Plaintiff's last

11  cause of action is entitled "Unlawful Access to Stored Communications" and appears to attempt to

12  allege some sort of conspiracy among Yahoo! employees to access his website content without

13  authorization and delete his website content.  Of course, the Terms of Service state clearly that

14  Yahoo! is authorized to access and delete website content. Thus, whatever the legal nature of this

15  claim, it fails.

16       Plaintiff has stated no claim upon which relief can be granted. Accordingly, the Complaint

17  should be dismissed in its entirety.

18  **II.    ALLEGATIONS OF THE COMPLAINT**

19       The allegations of Plaintiff's Complaint are relatively bare and are assumed true only for

20  purposes of this motion.  Plaintiff alleges that he is the founder and leader of a political group called

21  the National Psychoanalytic Socialist Movement ("NPSM").  Complaint ("Compl."), p. 1.  The

22  "primary" and "secondary" websites for the NPSM were hosted on Yahoo!, one on Yahoo! Groups

23  and the other on Yahoo! GeoCities. Compl., ¶ 1.  According to Plaintiff, both "sites" were deleted

24  sometime between October 24, 2008 and October 25, 2008.  *Id.*, ¶ 2.  Plaintiff contacted Yahoo!

25  upon discovering that the websites were gone.  *Id.*, ¶ 2 and Exh. A.1-A.3.  His associated email

26  accounts were also deleted.  *Id.*, ¶ 3.  Alleging no further facts, Plaintiff then sets forth his five

27  causes of action and prays for damages in the amount of $20 million.

28

More information can be gleaned from the Complaint's three exhibits, and particularly the two letters that Plaintiff previously sent to Yahoo!. In those letters, Plaintiff contends that by deleting his two websites, Yahoo! engaged in censorship and has thus violated the United States Constitution. Compl., Exh. A.3, A.6. Thus, at bottom, Plaintiff's Complaint appears to be one premised on an alleged First Amendment violation.

Plaintiff acknowledges that the Yahoo! Terms of Service ("TOS") governs his relationship with Yahoo!: "There an interest [sic] in pursuing a contract of adhesion claim if Yahoo! Inc. states that any National Psychoanalytic Socialist Movement site material violated any Yahoo Inc.'s terms of service (see exhibit one, and paragraph 3)." Compl., ¶ 14. The TOS in effect at the relevant time, however, belies all of Plaintiff's claims because it allowed Yahoo! to terminate Plaintiff's account or remove Plaintiff's content with or without notice:

> 6. Member Conduct. You agree not to use the Service to:
>
> a. upload, post, email, transmit or otherwise make available any Content that is unlawful, harmful, threatening, abusive, harassing, tortuous, defamatory, vulgar, obscene, libelous, invasive of another's privacy, hateful, racially, ethnically or otherwise objectionable;
>
> . . .
>
> You acknowledge that Yahoo! may or may not prescreen Content, but that Yahoo! and its designees shall have the right (but not the obligation) in their sole discretion to pre-screen, refuse or remove any Content that is available via the Service. Without limiting the foregoing, Yahoo! and its designees shall have the right to remove any content that violates the TOS or is otherwise objectionable.
>
> . . .
>
> 12. General Practices Regarding Use and Storage. You . . . agree that Yahoo! has no responsibility or liability for the deletion or the failure to store . . . any Content maintained or transmitted by the Service.
>
> . . .
>
> 14. Termination. You agree that Yahoo! may, *under certain circumstances and without prior notice,* immediately terminate your Yahoo! account and any associated email addresses and access to the Service. Cause for such termination shall include, but is not limited to (a) breaches or violations of the TOS . . . Further, you agree that all terminations for cause shall be made in Yahoo!'s sole discretion and that Yahoo! shall not be liable to you or any third party for any termination of your account, any associated email or access to the Service.

*See* Exhibit A, Yahoo! TOS, §§ 6, 12, and 14.

## III. ARGUMENT

### A. The TOS Precludes All of Plaintiff's Claims

Federal Rule of Civil Procedure 8, subdivision (a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). While Rule 8 does not require detailed allegations, it does require facts sufficient to establish an entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009); *Ashcroft v. Iqbal*, __ U.S. __ 129 S. Ct. 1937, 1949 (2009). In the familiar words of *Twombly*: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted a true, to state a claim to relief that is plausible on its face." *Id.*

In reviewing the legal sufficiency of a pleading, the Court's review is generally limited to the face of the complaint and assumes the truth of all well-pleaded factual allegations. However, the Court may also consider the exhibits attached to the complaint and documents, such as an applicable contract, that are integral to the pleading. *See, In re Katirna Canal Breaches Litigation*. 495 F. 3d 191, 205 (5th Cir. 2007)(considering contracts that were referred to in the complaint and central to the plaintiffs' claims); *Broder v. Cablevision Sys. Corp.*, 418 F. 3d 187, 196 (2d Cir. 2005)(holding court my look at agreement itself and need not assume truth of plaintiff's description of it).

These procedural rules apply equally to *pro se* litigants. *Haines v. Kerner*, 404 U.S. 519 (1972); *King v. Atiyeh*, 814 F. 2d 565, 567 (9th Cir. 1987). While standards applicable to *pro se* plaintiffs may be somewhat less stringent, federal courts may not step in to make the plaintiff's case when the plaintiff has failed to do so. *Noll v. Carlson*, 809 F. 2d 1446 (9th Cir. 1987). Indeed, "he who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to . . . assist and guide the pro se layman." *Jacobson v. Filler*, 790 F. 2d 1362, 1365, n. 5 (9th Cir. 1986).

Here, the plain language of the TOS precludes Plaintiff's claims and thus warrants dismissal. The gravamen of the Complaint is that Yahoo! took down Plaintiff's two websites and deleted their content. *See, e.g.,* Compl., ¶¶ 1 ("both sites were terminated . . . by being taken off Yahoo! servers . . ."), 2 ("The main National Psychoanalytic Socialist Movement site was removed from Yahoo! Inc. servers . . . No reason has been given by Yahoo! Inc. for the NPSM removal . . . ."), 7(". . . Buza claims that Yahoo! Inc. . . . . wrongfully suppressed the plaintiff and the National

Psychoanalytic Socialist Movement . . . by deleting the . . . main NPSM site . . ."), 9 ("Buza claims that Yahoo! Inc. . . .interfered with the functioning of NPSM by deleting the . . . sites located on Yahoo! servers . . .").   However, the TOS, which governs the relationship between Plaintiff and Yahoo! and which Plaintiff references in this Complaint, expressly allows Yahoo! to remove and delete content at any time, for any reason (or no reason), and without notice.  See, Exh. A, ¶¶ 6, 12 and 14.  Because each of Plaintiff's five claims for relief arise from the primary allegation that Yahoo! removed the two sites and deleted their content, his claims are contractually barred because Yahoo! was fully authorized to delete the website content.

**B.      Yahoo! Is Not a State Actor and Thus Cannot Be Held Accountable for Deprivation of Free Speech Rights Under Either the State or Federal Constitution**

Plaintiff's claims fail notwithstanding the TOS.  Plaintiff's first and second claims for relief assert deprivation of free speech rights in violation of the United States and California Constitutions.  Both of these claims fail, however, because Plaintiff does not, and indeed cannot, allege that Yahoo! is a state actor.

The free speech guarantee in the First Amendment of the United States Constitution protects only against *governmental* intrusion.  *See Hudgens v. National Labor Relations Board,* 424 U.S. 507, 513 (1976)("It is, of course, a commonplace [sic] that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state."), citing *Columbia Broadcasting System, Inc. v. Democratic National Comm.*, 412 U.S. 94 (1973).  Thus, persons can seek redress for Constitutional violations only from "state actors," or those acting for or on behalf of a state or federal government.  The First Amendment does not protect against intrusions allegedly perpetrated by private individuals or entities.  *Hudgens* at 513.   The same rule applies under the California Constitution:  only state actors can be held liable for abridging constitutional guarantees.  *Albertson's, Inc. v. Young*, 107 Cal. App. 4th 106, 116 (2003).

Plaintiff's Constitutional claim against Yahoo! fails because Yahoo! is a private corporation and does not act by or on behalf of the government.  Yahoo! is therefore not a state actor and cannot be held liable for First Amendment violations.  *See Muraswki v. Pataki*, 514 F. Supp. 2d 577 (S. D.

1  N. Y. 2007)(Yahoo! is not a state actor); *Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 546

2  (E. D. Va. 2003)(holding AOL is not a state actor); *Green v. American Online (AOL),* 318 F.3d 465,

3  472 (3rd Cir. 2003)(noting that AOL is a "private, for profit company" and rejecting the argument

4  that AOL should be treated as a state actor); *Cyber Promotions Inc. v. American Online, Inc.,* 948

5  F.Supp. 436, 441-44 (E.D.Pa.1996) (rejecting the argument that AOL is a state actor).

6
7  **C.    Plaintiff's Trespass Claim Fails Because In Posting a Website on Yahoo!'s Servers, Plaintiff Made an Authorized Use of *Yahoo!'s* Property Until Yahoo! Revoked that Authorization**

8      Plaintiff next attempts to allege a cause of action for trespass to chattels.  His theory appears

9  to be that the website content was his "property" upon which Yahoo! "trespassed" when it deleted

10  the websites.  Trespass to chattel is defined as the unauthorized interference with the possession of

11  personal property or the unauthorized use of personal property. *Thrifty-Tel v. Bezenek,* 46 Cal. App.

12  4th 1559, 1566 (1996).  In order to be actionable, the interference must have caused injury to the

13  property. *Id.*  The problem here, however, is that Yahoo! did not use or interfere with Plaintiff's

14  property.  To the contrary, by posting his website, Plaintiff was making an authorized use of

15  *Yahoo!'s* property under the TOS.  Pursuant to the TOS, Yahoo! was free to revoke that

16  authorization and delete the website content in its discretion, which Plaintiff alleges that it did.

17  Therefore, Plaintiff cannot allege trespass to chattels based on the deletion of his website content,

18  and the claim must be dismissed.

19  **D.    The Intellectual Property Claim Fails To Allege Sufficient Facts to State any Claim**

20
21      Plaintiff's Fourth Cause of Action is entitled simply "Intellectual Property."  Other than

incorporating the first three paragraphs of the Complaint by reference, the claim consists of only

22  one allegation:  "Yahoo! Inc. by its proxy's and by proximate cause deleted the founder of the

23  National Psychoanalytic Socialist Movement Mark S. Buza's main and secondary sites which

24  contained intellectual property which is no longer in the plaintiff's possession in which the

25  intellectual property mentioned in this complaint was previously located at the URL's of

26  http://groups.yahoo.com/group/NPSM/and http://www.geocities.freudiangladiator1966."  Compl. ¶

27  11.  Plaintiff does not identify any "intellectual property" specifically and does not recite the

28

1  elements of any federal or state claim that could be characterized as one sounding in "intellectual

2  property." Accordingly, Plaintiff states no claim and his Fourth Cause of Action must be dismissed.

3       **E.**      **The Fifth Cause of Action is Undecipherable**

4       Plaintiff's Fifth Cause of action is titled "Unlawful Access to Stored Communications." It

5  alleges essentially that Yahoo!, without authorization, deleted his two websites. Compl. ¶

6  13(alleging that Yahoo! accessed his "stored communications" "without authorization" and then

7  deleted those stored communications and "erased all copies of the plaintiff's property"). Plaintiff

8  then goes on to reference 42 U.S.C. section 1985, subdivision (3), which, of course, is part of the

9  federal civil rights statutory scheme, and specifically the prohibition against conspiring to deprive

10  an individual of equal protection rights. *See,* Compl. ¶ 14( . . . the censorship of the . . . site from

11  the Yahoo! servers most likely did not involve only one individual working at Yahoo . . ."); 42

12  U.S.C. § 1985(3). The Fifth Cause of Action makes no sense and thus states no legally cognizable

13  claim. It must be dismissed.

14  **IV.**      **CONCLUSION**

15       Based on the foregoing law and argument, Yahoo! respectfully requests that the Court grant

16  its motion to dismiss. The complaint states no claim and amendment appears futile. Thus, dismissal

17  with prejudice is appropriate.

18

19  Dated:  September 12, 2011      Respectfully submitted,

20                              MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

21

22                              By:  Michele Floyd

23                                    Robert S. Eaton

24                              Attorneys for Defendant

25

26

27

28  5499652v.1