Mark S. Buza
1060 Howard St.
San Francisco, Ca 94103
Email: markbuza@gmail.com
Plaintiff Pro Se




UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark S. Buza,<br><br>Plaintiff,<br><br>vs.<br><br>Yahoo! Inc.,<br><br>Defendant. | Case No.: 3:11-CV-04422-RS<br><br>**IN OPPOSITION OF YAHOO'S MOTION TO DISMISS**<br><br>DATE: October 27th, 2011<br>TIME: 1:30 p.m.<br>COURTROOM: Courtroom 3, 17th Fl |

TO ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE That this matter is scheduled to be heard on October 27, 2011 at 1:30 PM, or as soon there after at the above-titled Court, located in Courtroom 3, seventeenth floor located at 450 Golden Gate Avenue, San Francisco, Ca in the County of San Francisco, 94102. Plaintiff Mark S. Buza will, and hereby opposes defendant's Motion to dismiss plaintiff's complaint under the subsequent argumentation:

The plaintiff requests this court to deny Yahoo! Inc.'s motion for dismissal based on the plaintiff's shown merits in this motion, and complaint. Yahoo! Inc. has not stated any fact that would hold true to the laws, or to the Constitution of the United States. The plaintiff also seeks the court to grant the plaintiff leave to amend to add a contract of adhesion claim against the defendant due to new facts in this case as seen in the defendant's motion for dismissal.

Issues to be decided in this opposition motion include:

1) Yahoo! believes that they have unlimited power to enact a terms of service that allows them omnipotent power in a public forum over legally held individual rights secured by laws, and the United States Constitution.

2) Yahoo! has violated California Constitution Article I section 2 because Yahoo! is a state actor in view of California free speech clause.

3) Yahoo! has violated the First Amendment of the United States Constitution by free speech deprivation.

4) California state law does recognize a cognizable claim for trespass to chattels.

5) Plaintiff's trespass to chattels claim is valid because all property that Yahoo! deleted was plaintiff's property, and not Yahoo! Inc. property.

6) The defendant Yahoo! Inc. infringed on the plaintiff's intellectual property rights.

7) Yahoo! violated in terms of unlawful access to stored communications.

Totalitarianism is where a entity believes there is no limit to its authority, and tries to regulate every aspect of life wherever the entity can to impose its own rules. One implemented tool for the totalitarian is mass-controlled media i.e. restriction of speech meaning suppressing any opposition to the totalitarian agenda. A totalitarian government, or entity seeks to completely control the thoughts, and actions of its believed to be subjects. By controlling every aspect of knowledge you limit a adversaries strength while strengthening a totalitarian system. Given this information what if the insane became the majority in a society? They could implement an insane totalitarian system, and one should really think about the consequences as the insane could be the judge, and jury! Has it already happened? You may wonder what type of information was contained on Yahoo! servers that the plaintiff is alleging criminal acts by the defendant. A majority of the information on the two NPSM sites was in fact about this very subject the subject of the totalitarianist state of being. Yahoo! through their terms of service implemented a totalitarianism agenda in which they decided they did not have to follow the law, or two constitutions, and as will be shown they didn't even follow their own terms of service to implement this illegal act against the plaintiff. Even if the plaintiff violated Yahoo!'s terms of service the plaintiff would still be protected under the law, and two constitutions unless any of the said material imposed a call for immediate violence, or pornography which none of the material was either. Through the defendants action the deletion of two of the plaintiff's

websites located on Yahoo! Inc. servers the defendant Yahoo! violated both the California Constitution, the United States Constitution, and various state, and federal laws in the process in a totalitarian fashion.

I) Yahoo states that Yahoo! has unlimited omnipotent power against individual rights in a public forum by stating on page I lines 23-24 "The express terms of Yahoo's! terms of service bars each, and every claim asserted such that the complaint in its entirety should be dismissed with prejudice. Since Yahoo! reserves the right to terminate any, and everything Yahoo! wants to delete, and censor regardless of rights, and the Constitution of the United States.

Yahoo! has generated a public speaking platform in which they have stated in their terms of service that they have unlimited power over the speakers by implementing a TOS which states that Yahoo! "can remove any content from its service with, or without notice to the user" page 2 lines 22-23, and Yahoo! is not liable for the deletion, or other removal of any content from its service page 2-3 lines 23-I. Yahoo! goes on to state that "plaintiff's allegations that Yahoo!'s access to his (plaintiff's) website(s) content was "unauthorized" and that Yahoo! deleted that content "without authorization" are directly contrary to (Yahoo's) TOS. Page 3 lines I-3. The plaintiff never gave Yahoo! authorization nor any person affiliated, or not affiliated with Yahoo! authorization to access nor delete either NPSM sites located at the URL's of http://groups.yahoo.com/group/NPSM/, and http://www.geocities.com/freudiangladiator1966 which gives rise to the unlawful access to stored communications claim. The Stored Communications Act (SCA) limitedly prohibits a person, without authorization from accessing an electronic communication service, or obtaining an electronic communication while it is still in electronic storage 18 U.S.C.A. § 2701(a) ***White v. Baker, 696 F.Supp.2d 1289 (2010).*** Thus Yahoo!'s terms of service fails in the face of trespass laws, intellectual property laws, public speaking forum rights, and constitutional rights. Yahoo! in its terms of service tries to skirt the law, and its primary liability the obligation for content security, and free speech rights. "First Amendment generally prevents government from proscribing speech, or even expressive conduct because of disapproval of ideas expressed" U.S.C.A. Const.Amend. I. ***R.A.V. v. City of St. Paul, Minn. 505 U.S. 377(1992).*** This doctrine can also be applied to private parties since no individual has the right to censor any political

public speech as the constitutional protections for speech, and press were fashioned to assure unfettered interchange of ideas for bringing about political, and social changes by the people. U.S.C.A.Const. Amend. I. ***New York Times Co. v. Sullivan 376 U.S. 254 (1964).*** As the courts hold that a person's words were protected as free speech as long as they did not directly incite inmediate unlawful action ***Brandenburg v. Ohio, 395 U.S. 444(1969).*** At no time did the plaintiff violate Yahoo!'s TOS as stated on page 4 lines 12-18 which then precludes rational intervention by Yahoo!, and that Yahoo! deleted NPSM sites in violation of both state, and federal laws, and constitutions. No material on either NPSM sites would be considered illegal content, and objectionable content is protected by free speech rights giving more credibility to rights, and law violations by Yahoo! Inc. The hallmark of the protection of free speech is to allow free trade in ideas, even ideas that the overwhelming majority of people might find distasteful, or discomforting U.S.C.A. Const.Amend. I. ***D.C. v. R.R., 106 Cal.Rptr.3d 399 Cal.App.2.Dist.,(2010).*** I doubt any material on the two NPSM sites which were located on Yahoo! servers would be considered distasteful, or discomforting most of the material was news related material.

2) Yahoo states page I lines 25-26 that Yahoo! cannot be in violation of California Constitution Article I section 2 because Yahoo! is not a state actor.

Yahoo states page 2 lines I-3 that Yahoo! cannot be in violation of the First Amendment of the United States Constitution because plaintiff alleges no facts establishing that Yahoo! as a state actor.

The actions of a private property owner constitute state action for purposes of California's free speech clause only if the property is freely, and openly accessible to the public. ***Golden Gateway Ctr. V. Golden GatewayTenants Assoc., 26 Cal. 4th 1013, 1023, 1030-31 (2001).*** Yahoo! Inc. may be privately owned, but was put into action by the defendant for public use i.e. Yahoo! Groups, and Yahoo! Geocities the two open public forums provided by Yahoo!. Therefore a action against a private party for infringement of their constitutional rights must show that the private party's infringement constitutes state action, and it has under this case. The court developed a balancing test with respect to the particular property, or type of property at issue to determine whether there is a state constitutional right to engage in the challenged

activity. Yahoo! Groups, and Yahoo! Geocities are/were public forum's made for public expression by Yahoo! State constitution's free speech clause itself grants a right to freedom of speech, and does not merely safeguard some such right against encroachment West's Ann.Cal. Const. Art. I, § 2. ***Gerawan Farming, Inc. v. Lyons, 12 P.3d 720 Cal.,(2000).*** To prove First Amendment free speech deprivation, plaintiff must come forward with evidence showing either that: (1) defendants silenced him, (admitted by defendant), or (2) defendants' actions had some actual, non-speculative chilling effect on his speech (defendant removal of content from Yahoo! Inc. servers (admitted by defendant) ***Sassone v. Quartararo, 598 F.Supp.2d 459 S.D.N.Y.,(2009).*** Under this pretense the defendant Yahoo! violated both criteria.

3) Yahoo! states that California state law does not recognize a cognizable claim for trespass to chattels based on facts by plaintiff.

Plaintiff's trespass claim fails because in posting a website on Yahoo!'s servers, plaintiff made an authorized use of Yahoo!'s property until Yahoo! Revoked that authorization page 7 lines 6-7

All information contained on both NPSM sites are considered intellectual property, and all content which was on the two NPSM sites is considered property, and thus was movable property since all of the intellectual property on these two sites could be in paper form, and thus all NPSM material was movable property. All property that was contained on the two NPSM sites before Yahoo!'s removal could have been transferred to a new location. All material on the two NPSM sites was NPSM property, and not the property of Yahoo! Inc. Trespass to chattels is a tort whereby the infringing party has intentionally interfered with another person's lawful possession of a chattel (movable personal property). The interference can be any physical contact with the chattel in a quantifiable way, or any dispossession of the chattel whether by taking of it, destroying it, or barring the owner's access to it. "A trespass to chattels occurs when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization, and if the chattel is impaired as to its condition, quality, or value" ***State Analysis, Inc. v. American Financial Services Assoc., 621 F.Supp.2d 309 E.D. Va., (2009).*** By removing the personal property of the plaintiff's (movable personal property), and the physical disruption of the

chattel by the taking of the plaintiff's personal property, and barring the plaintiff's (owner) access to the property, this is legally defined as a trespass to a chattel. If needed the plaintiff can amend this action to state the law of conversion instead of trespass to chattels since both fit the description of the defendant's actions. California law limits trespass to chattels to acts physically damaging, or functionally interfering with property ***Intel Corp. v. Hamidi, 30 Cal.4th 1342, 71 P.3d 296, 1 Cal.Rptr.3d 32 (Cal. 2003).*** Yahoo! didn't interfere with Yahoo!'s property, but interfered with the plaintiff's intellectual property.

4) Yahoo! claims page 2 lines 7-9 that plaintiff fails to allege facts sufficient to state a claim for any cognizable claim based on the infringement of intellectual property rights. Seeing that both of the plaintiff's sites located on Yahoo! servers were nothing but intellectual property this accusation must be dismissed as rubbish also. Material on The National Psychoanalytic Socialist Movement (NPSM) sites was not the property of the provider Yahoo! Inc. nor of their forum computer service. Since nobody outside of NPSM had access to the NPSM forum thus the NPSM forum is not a interactive site, and all material within the site created, or in possession by the owner Mark S. Buza of The National Psychoanalytic Socialist Movement is legally construed to fall under the heading of private intellectual property. In ***United States v. Carpenter 484 U.S. 19 (1987)***, ruling that there is a property interest if the scheme deprives one of "exclusive use" to their information. Yahoo! Inc. through confiscation of all National Psychoanalytic Socialist Movement material contained on their servers blocked the plaintiff's use and the public's use of this said material. "First Amendment protections may extend to all forms of expression, including written, and spoken words, be they fact or fiction, and music, films, paintings, and entertainment, whether or not sold for a profit". U.S.C.A. Const.Amend. ***Kirby v. Sega of America, Inc., 50 Cal.Rptr.3d 607 Cal.App.2.Dist.,(2006).*** Copyright protects original authorship fixed in tangible form for works transmitted online, the copyrightable authorship may consist of text, artwork, music, audiovisual material (including any sounds), sound recordings, etc. copyright registration is not mandatory.

5) Yahoo! claims there is not a legally cognizable claim by plaintiff under law for Unlawful Access to Stored Communications.

As courts have held, the SCA "protects users whose electronic communications are in electronic storage with an ISP, or other electronic communications facility." ***Theofel v. Farey-Jones, 341 F.3d 978, 982 (9th Cir. 2003).*** It "reflects Congress's judgment that users have a legitimate interest in the confidentiality of communications in electronic storage at a communications facility." Id. at 982. The court interprets federal statutes in light of the common law See ***Beck v. Prupis, 529 U.S. 494, 500-01, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000).*** Especially relevant here is the common law of trespass. Like the tort of trespass, the Stored Communications Act protects individuals' privacy, and proprietary interests. The Act reflects Congress's judgment that users have a legitimate interest in the confidentiality of communications in electronic storage at a communications facility. Just as trespass protects those who have space at a commercial storage facility to hold sensitive documents, cf. Prosser and Keeton on the Law of Torts § 13, at 78 (W. Page Keeton ed., 5th ed.1984), the Act protects users whose electronic communications are in electronic storage with an ISP, or other electronic communications facility (in this case Yahoo! servers).

Elements of claim under Stored Communications Act (SCA) for unauthorized access of a account are: (1) defendant intentionally accessed a facility through which an electronic communications service is provided; (2) such access was not authorized or intentionally exceeded any authorization by the person or entity providing the electronic communications service, the user of that service with respect to a communication of or intended for that user, or a federal statute; (3) defendant thereby obtained, altered, or prevented authorized access to an electronic communication while it was in electronic storage in such system; and (4) the defendant's unauthorized access or access in excess of authorization caused actual harm to the plaintiff. 18 U.S.C.A. § 2701(a) ***Cornerstone Consultants, Inc. v. Production Input Solutions, L.L.C., 2011 WL 1899372.*** The court construes section 2701 in light of these doctrines. Permission to access a stored communication does not constitute valid authorization if it would not defeat a trespass claim in analogous circumstances. Section 2701(c)(1) therefore provides no refuge for a defendant who procures consent by exploiting a known mistake that relates to the essential nature of his access. A defendant is not liable for trespass if the plaintiff authorized his entry. Where a plaintiff alleges that the defendant provides an electronic communication service through its own systems, and that the defendant intentionally, and without authorization obtained stored communications by accessing those systems, the plaintiff states a

claim under Stored Communications Act (SCA). 18 U.S.C. § 2701(a) *Council on American-Islamic Relations Action Network, Inc. v. Gaubatz --- F.Supp.2d ----, 2011 WL 2515975 D.D.C.,2011.*

6) With Yahoo stating that they have unlimited power to write a term of service which is in complete angst against the constitutional rights of all American citizens the plaintiff hereby requests the court to allow the plaintiff to add as a main cause of action contract of adhesion

Contract of adhesion claim can be implemented since Yahoo! terms of service states page 4 lines 19-20 that "you agree that Yahoo! has no responsibility or liability for the deletion or the failure to store...any content maintained or transmitted by the service. A contract (often a signed form) when so imbalanced in favor of one party over the other that there is a strong implication it was not freely bargained a take-it-or-leave-it basis is considered a adhesion contract. As such when using a online service you must accept the providers terms without any bargaining power, and such makes the terms between two unequal bargaining partners, and does not allow for negotiation. Under California law, contract is procedurally unconscionable if it is contract of adhesion, i.e., standardized contract, drafted by the party of superior bargaining strength, that relegates to subscribing party only opportunity to adhere to contract or reject it *Ting v. AT&T, 319 F.3d 1126 C.A.9.Cal., (2003).* Under California law, a "contract of adhesion" is defined as a standardized contract, imposed upon the subscribing party without an opportunity to negotiate the terms *Stiener v. Apple Computer, Inc., 556 F.Supp.2d 1016 N.D.Cal., (2008).*

Thus Yahoo! has legal responsibility for one's acts, or omissions since Yahoo! took it upon themselves to delete NPSM content located on their servers which has been admitted by Yahoo! Inc.'s actions, and as a public service provider toe a responsibility to store electronic information in a safe, and effective manner. Yahoo! states in its TOS that they may under certain circumstances, and without prior notice terminate your Yahoo! Account, and any associated email addresses, and access to the service. Cause for such termination shall include, but is not limited to (a) breaches or violations of the TOS... further you agree that all terminations for cause shall be made in Yahoo!'s sole discretion and that Yahoo! shall not be liable to you, or any third party for any termination of your account any associated email or access to the service page 4 lines 21-24. Since there was no violation of their TOS by the plaintiff there was no legal rise to

action, and no legal rise for the deletion of NPSM material located on Yahoo! servers. No person of sound mind would recognize any contract as legal when it states a public service provider nor anybody for that matter has omnipotent power to make the individuals under a so called "contract" puppets, in this case puppets of Yahoo! Inc.'s whims which this type of Yahoo! mentality is no more than unconscionable, and totalitarian thus a contract of adhesion.

The plaintiff has shown his entitlement to relief both NPSM sites were located on Yahoo! Inc. servers for many years 2005-2008 to be exact. The defendant Yahoo! Inc. by its actions, and non-actions have shown that they are a guilty defendant.

THEREFORE the plaintiff Mark S. Buza requests:

Leave to amend to add a contract of adhesion claim.

"I the plaintiff Mark S. Buza born on the 24th day in the year of nineteen hundred, and sixty-six in the city of Sunnyvale California which resides in the United States of America declares under penalty of perjury that the foregoing is true, and correct"

Dated this 26th day of September, 2011

San Francisco, Ca

Mark S. Buza Plaintiff, Pro Se Advocate