**\*\*E-filed 10/24/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MARK S. BUZA,

    Plaintiff,

  v.

YAHOO!, INC.,

    Defendant.

No. C 11-4422 RS

**ORDER GRANTING MOTION TO DISMISS FEDERAL CLAIMS AND REMANDING STATE CLAIMS**

Plaintiff Mark S. Buza alleges that he is the founder and leader of the National Psychoanalytic Movement ("NPSM"), a political group. Buza filed this action in San Francisco Superior Court, alleging that defendant Yahoo!, Inc. wrongfully terminated two NPSM-related websites that he had created and maintained on Yahoo! servers, through services it provides. Yahoo! removed the action to this Court based on claims in the complaint arising under federal law, and now moves to dismiss. Pursuant to Civil Local Rule 7-1(b), the motion to dismiss this action is suitable for disposition without oral argument, and the hearing set for October 27, 2011 is hereby vacated. The motion to dismiss will be granted as to the federal claims in the complaint, and the remaining state law claims will be remanded to state court.

1. <u>Federal Claims</u>

The second count[1] of Buza's complaint asserts that Yahoo! violated his rights under the First Amendment of the United States Constitution by removing the expressive material posted on the

---

[1] Consistent with state court practice, the counts of the complaint are labeled as "causes of action."

NPSM websites. Yahoo! correctly contends that because it is not a state actor, it cannot be held liable under the First Amendment for suppressing speech. Buza's response that Yahoo!'s services should be seen as a "public forum" in which the guarantees of the First Amendment apply is not tenable under federal law. As a private actor, Yahoo! has every right to control the content of material on its servers, and appearing on websites that it hosts. *See Hudgens v. NLRB,* 424 U.S. 507, 513 (1976) ("It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state . . . . Thus, while statutory or common law may in some situations extend protection or provide redress against a private corporation or person who seeks to abridge the free expression of others, no such protection or redress is provided by the Constitution itself." (citation omitted)). Accordingly, the federal constitutional claim must be dismissed.

The fifth count of the complaint is labeled "unlawful access to stored communications." In his opposition to the motion to dismiss, Buza clarifies that he intends to bring this claim under 18 U.S.C. § 2701[2], which provides for criminal penalties to be imposed where a person "intentionally accesses without authorization a facility through which an electronic communication service is provided . . . and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system . . . ." Yahoo! argues this provision is inapplicable because it applies to *disclosure* of electronic communications, which Buza has not alleged. The section, however, expressly extends to conduct that prevents an authorized person from *accessing* the communications, which is exactly what Buza alleges Yahoo! did when it terminated the websites.

Nevertheless, Buza has not stated, and cannot state a claim under this law, because, even assuming there is a private right of action, subdivision (c) of §2701 provides that the prohibitions against accessing and interfering with electronic communications do not apply to "the person or entity providing a wire or electronic communications service." The allegations of the complaint establish that Yahoo! falls within that exemption. Accordingly, this claim must also be dismissed.

---

[2] Miscited in Yahoo!'s reply brief as 18 U.S.C. §1701.

### 2. State Law Claims

The first count of the complaint asserts a violation of the free speech guarantees of the California Constitution. Cal. Const. Art. I, Sec. 2. The California Supreme Court has held that "state action for purposes of California's free speech clause is not the same as state action for purposes of the First Amendment." *Golden Gateway Center v. Golden Gateway Tenants Assn.*, 26 Cal.4th 1013, 1031 (2001). Rather, the actions of a private property owner may constitute state action for purposes of California's free speech clause, "if the property is freely and openly accessible to the public." *Id.* at 1033.

It is perhaps doubtful that California courts would apply the principles discussed in *Golden Gateway* to conclude that Yahoo! is subject to the free speech guarantees of the California Constitution, particularly since *Golden Gate* arguably represented a retreat from a more expansive view of the scope of those guarantees expressed in earlier California decisions. *See id.* at 1021-23 (discussing *Robins v. Pruneyard Shopping Center*, 23 Cal.3d 899 (1979)). Particularly in the absence of any viable federal claims, however, it is far preferable to leave the issue to the California courts to decide. Even where no novel state law issue is presented, remand of state claims upon dismissal of the federal claims is appropriate where retaining jurisdiction serves no compelling purpose. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Yahoo! contends that the third count of the complaint, entitled "trespass to chattels," fails in light of its Terms of Service ("TOS"), in which it reserves the right to remove materials from its servers and hosted websites.[3] As the claim sounds solely in state law, however, it will be remanded to the state courts to decide.

---

[3] Yahoo! requests judicial notice of the TOS. Because the TOS is mentioned in the complaint, and given that Buza does not dispute that the document submitted by Yahoo! accurately reflects the applicable TOS, it likely would be permissible to consider it, and its effect on the viability of the claims, in this motion to dismiss. Indeed, Buza appears to concede that the document, *if enforceable*, bars his claims. Because the state claims are being remanded, however, the issue need not be decided at this juncture, and the request for judicial notice is moot.

### 3. "Intellectual Property"

The fourth count of the complaint is labeled "intellectual property," but does not clearly state any theory of liability. Buza's opposition merely asserts that the material on the websites in dispute plainly constituted "intellectual property." While the unauthorized taking or use of "intellectual property"—like that of any form of property—likely is actionable under one or more theories, Buza may ultimately be required to articulate more clearly the basis of this claim.[4] At this juncture, however, the only relevant issue is whether this claim is potentially federal in nature. While federal law governs certain forms of intellectual property such as patents and copyrights, nothing in the allegations suggests Buza is attempting to, or could, state a claim under such laws. Accordingly, this claim will also be remanded.

Finally, Buza has requested leave to amend to allege a "contract of adhesion claim." A contention that a particular contract is one of "adhesion" is a potential defense to the enforceability of that contract, not an affirmative claim. Additionally, contracts of adhesion are not automatically unenforceable—other factors must also exist. In any event, it is not a federal claim. To the extent Buza intends to argue that the TOS does not bar his claims because it is an unenforceable contract of adhesion, it will be for the state court to determine whether additional factual allegations are necessary or appropriate to support such an argument.

### 4. Conclusion and Order

The second and fifth "causes of action" of the complaint are dismissed without leave to amend. The action and the remaining claims are remanded to the San Francisco Superior Court.

---

[4] Misappropriation of intellectual property, unlike theft of tangible property, ordinarily does not deprive the owner of its use. Here, Buza alleges that he has no other copies of the materials that were stored on Yahoo!'s servers, and that appears to be a significant component of his claimed injury. Without suggesting that Yahoo! necessarily has any legal obligation to do so, it might be in its interest to determine whether it can provide any or all of the material to Buza from backup sources.

IT IS SO ORDERED.

Dated: 10/24/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE